UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH SARTIN,

                    Plaintiff,

        v.

CAMDEN COUNTY JAIL,

                    Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06870 (JBS-AMD)

**OPINION**

APPEARANCES:

Keith Sartin
Plaintiff Pro Se
1573 South 8th Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Keith Sartin seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints prior to service in those civil actions in which a prisoner is proceeding *in forma pauperis* (*see* 28 U.S.C. § 1915(e)(2)(B)), seeks redress against a governmental employee or entity (*see* 28 U.S.C. § 1915A(b)), or brings a claim with respect to prison conditions (*see* 42 U.S.C. § 1997e). The PLRA directs district courts to *sua*

1

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    First, the Complaint must be dismissed with prejudice as to claims made against the CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

4.    Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

5.    The present Complaint does not allege any facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in § IV of Plaintiff's Complaint as true for screening purposes only, there is not

2

enough factual support for the Court to infer a constitutional violation has occurred.

6.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7.    Here, Plaintiff's Complaint states in its entirety: "Floor was wet[.] Slip and had to go get stiches [*sic*] at Cooper Hosptil[.] No sign was up saying wet floor." Complaint § IV. Plaintiff does not identify any specific date(s) on which the events giving rise to these claims allegedly occurred.

8.    Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983, any such purported claims must be dismissed because the Complaint does not set forth any factual support for the Court to infer that a constitutional violation has occurred.

9.    There are not enough facts for the Court to infer Plaintiff was denied adequate medical care. In order to set forth a cognizable claim for violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A mere assertion that Plaintiff slipped on a wet floor in the shower, Complaint § IV, is insufficient to meet the pleading standard in the absence of any facts. If Plaintiff wishes to pursue this claim,

4

Plaintiff should provide facts supporting both of the requirements in an amended complaint.[2]

10. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[3]

11. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

[2] To the extent the complaint could be construed as attempting to raise a state law negligence claim, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c).

[3] The amended complaint shall be subject to screening prior to service.

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

13. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

14. An appropriate order follows.

**January 13, 2017**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge